Filed 9/30/24  Uberti v. Farias CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GEORGE UBERTI,<br><br>　　Petitioner and Appellant,<br><br>v.<br><br>NANCY FARIAS as Director, etc., et al.,<br><br>　　Respondents. | A167364<br><br>(Sonoma County Super. Ct. No. SCV267704) |

George Uberti appeals the trial court's denial of his petition for administrative mandate.  The petition sought to set aside a decision by the California Unemployment Insurance Appeals Board (Board) that upheld the denial of Uberti's claim for unemployment benefits.[1]  We affirm the trial court's denial of Uberti's petition.

---

[1] Uberti also sued Nancy Farias in her official capacity as the director of the Employment Development Department (EDD), the agency that originally denied Uberti's claim; William Shapiro, the administrative law judge (ALJ) who presided over the administrative hearing regarding Uberti's appeal of the EDD denial; and Laura Kent-Monning and Michael Allen in their official capacities as members of the Board.  These parties, along with the Board and the EDD, are collectively referred to as respondents.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 2019 and 2020, Uberti was a student at Santa Rosa Junior College (SRJC), where he majored in political science. During that time, Uberti also worked for the school as a groundskeeper. Uberti's SRJC employment ended on May 24, 2020, due to the COVID-19 pandemic, and he applied for unemployment benefits. The EDD denied Uberti's claim for benefits under Unemployment Insurance Code[2] section 1277 on the basis that Uberti did not earn sufficient wages—namely, at least $1,300 in any quarter of the claim period or at least $900 in any quarter with total earnings of at least 1.25 times his highest quarterly wages during the claim period.

Uberti appealed the EDD's denial, which prompted an evidentiary hearing held by the ALJ. In its written decision, the ALJ found that the EDD properly included $1,148.14 in "lag period" wages[3] and excluded the $6,423.60 Uberti earned working as a "student employee" because "[e]arnings by a student enrolled in the school are excluded from the lag period wages test under . . . section 642." Because Uberti could only show qualifying earnings in the amount of $1,148.14, his claim did not meet section 1277's threshold wage requirements.

---

[2] All undesignated statutory references are to the Unemployment Insurance Code.

[3] Uberti previously filed and was awarded benefits for a valid unemployment claim with a base period from March 17, 2019, to March 14, 2020. However, Uberti had also earned wages before the filing of his March 17, 2019 claim that fell outside this initial base period. These "lag period" wages totaled $1,148.14 and were counted towards the May 24, 2020 unemployment claim that is at issue in this appeal.

Uberti appealed the ALJ's determination to the Board, asserting that per California Code of Regulations, title 22, section 642(a)-1, subdivision (c),[4] Unemployment Insurance Code section 642's student employee exemption did not apply to him because he was a "political science major" and was "employed as a groundskeeper," thus, his course of study was "clearly incidental to his employment." Uberti did not further explain why his course of study at SRJC was incidental to his employment as a groundskeeper nor did he provide any evidence to substantiate his assertion.

After "carefully and independently review[ing] the record" and "consider[ing] the contentions raised on appeal," the Board found "no material errors in the issue statement or in the findings of fact." It also concluded the ALJ "properly appl[ied] the law to the facts." The Board therefore adopted the ALJ's issues statement, the findings of fact, and the reasons for decision. More particularly, the Board noted the wages Uberti earned as a groundskeeper were properly excluded from the calculation of Uberti's benefit claim because they "derived from work performed by [Uberti] for his college while [Uberti] was a student at that college."

Uberti next filed a petition for administrative mandate in the Sonoma County Superior Court pursuant to Code of Civil Procedure section 1094.5. The court denied the petition, finding that the EDD properly applied the student employee exemption to exclude Uberti's groundskeeper wages from the unemployment calculation and there were no deficiencies of notice in the underlying administrative proceedings. The court also stated in passing that to the extent Uberti was challenging SRJC's classification of him as a student, he had failed to name SRJC as an indispensable party.

_____

[4] Further references to Regulations are to title 22 of the California Code of Regulations.

## DISCUSSION

Though difficult to discern, Uberti's current claim of error appears to focus on whether there were deficiencies of notice in the underlying administrative proceedings; he additionally challenges respondents' "legal construction" of the student employee exemption under section 642 and further takes issue with "administrative practices" by the EDD which he claims would have required him to "perjure himself to secure pandemic benefits."[5]

## I. Standard of Review

" 'In reviewing a decision of the  Board, the superior court exercises its independent judgment on the evidentiary record of the administrative proceedings and inquires whether the findings of the administrative agency

---

[5] Uberti's opening brief lists four "Issues" he is raising on appeal, namely:  (1) whether respondents gave Uberti proper notice of the issues to be determined by the ALJ at the hearing; (2) whether the ALJ abused his discretion in denying Uberti's claim based on issues other than those specified in the EDD's denial; (3) whether the Board failed to notify and direct SRJC to correct a purported wage disparity; and (4) whether Uberti was entitled to refuse to certify statements in dispute in this appeal to secure subsequent unemployment benefits.  However, the "Argument" section of Uberti's brief, which is broken up into three sections, does not align with these four issues.  For example, the first two argument sections appear to discuss at varying points the first three notice-related issues, while the third argument section seems to focus on the fourth issue regarding the EDD's benefit certification process.  Additionally, the argument section of the brief appears to raise an additional substantive issue that is *not* listed in Uberti's initial statement of "Issues"—namely, the issue of whether respondents and the trial court properly construed the student employee exemption under section 642.  Due to this lack of organizational clarity, we do not structure our analysis in accordance with Uberti's framing of the issues in his brief.  Rather, we focus our discussion on the salient points raised in both the "Issues" and "Argument" section of the brief, which can be distilled down to issues relating to notice and the proper interpretation of section 642.

4

are supported by the weight of the evidence.' [Citations.]" (*Sanchez v. Unemployment Ins. Appeals Bd.* (1984) 36 Cal.3d 575, 585.) "In reviewing the trial court's ruling on a writ of mandate, the appellate court is ordinarily confined to an inquiry as to whether the findings and judgment of the trial court are supported by substantial, credible and competent evidence." (*Ibid.*) "That limitation, however, does not apply to resolution of questions of law where the facts are undisputed. In such cases, as in other instances involving matters of law, the appellate court is not bound by the trial court's decision, but may make its own determination." (*Tafti v. County of Tulare* (2011) 198 Cal.App.4th 891, 896.) Claims that an appellant did not receive adequate notice or due process are subject to independent, or de novo, review. (*Ibid.*) The interpretation of statutes and regulations are also reviewed de novo. (*Combs v. Skyriver Communications, Inc.* (2008) 159 Cal.App.4th 1242, 1253.)

## II. *Notice-Related Arguments*

Uberti argues the court erred in finding there were no deficiencies in notice in the underlying administrative proceedings. Uberti contends the EDD denied his unemployment claim pursuant to section 1277, based on its belief Uberti had "fabricated his work history" and did not earn any wages during the claim period. In view of this basis, Uberti explains he "researched that code section and prepared for that [ALJ] hearing believing that the existence of wages which he had in fact earned was the issue to be resolved." Uberti asserts that the ALJ "conducted the administrative hearing under exactly that presumption, inquiring only as to the existence of wages and never as to the nature of the Appellant's employment." Thus, Uberti argues, the ALJ's subsequent ruling that Uberti's groundskeeper wages were not eligible for consideration under section 642 was an un-noticed and therefore improper change in legal basis for the EDD's denial of his unemployment

5

claim. This argument is not persuasive.

At the outset, we observe the record does not reflect a finding or belief by the EDD that Uberti fabricated his work history. When the EDD originally denied Uberti's claim, it was based on the fact the claim was "invalid under Section 1277" because Uberti was not paid or did not earn wages of "at least $1,300 as an employee in one quarter during the [claim] period," and was not paid or did not earn "1.25 times [his] high quarter earnings during the [claim] period," as required under section 1277.

After the ALJ heard Uberti's appeal, he issued a decision reiterating the finding that Uberti's claim was invalid because he did not earn sufficient wages or "meet the requirements of section 1277." This was not inconsistent with the EDD's denial decision. The ALJ then further explained that though Uberti had "lag period" wages in the amount of $1,148.14 from a prior claim period, the groundskeeper wages he earned as a student employee during the present claim period were excluded from consideration under section 642. This additional explanation is not a change in the basis for denial, which was still predicated on Uberti's failure to meet the wages threshold for establishing a valid claim under section 1277.

Further, even if the ALJ's decision represented a change in the basis for denying Uberti's unemployment claim, there was no failure of notice. It is well-established that "due process does not require any particular form of notice." (*Pacific Gas & Electric Co. v. Public Utilities Com.* (2015) 237 Cal.App.4th 812, 860.) Rather, all that is required is that the notice be reasonable and that there be a reasonable opportunity to be heard. (*Lent v. California Coastal Com.* (2021) 62 Cal.App.5th 812, 840.)

Here, both of these requirements were met. The ALJ's decision clearly cited section 642 as the reason for excluding Uberti's groundskeeper wages

and provided Uberti with an opportunity to appeal the decision within 30 calendar days. It is undisputed that Uberti took advantage of that opportunity and *did* appeal the ALJ's decision to the Board, during which time he asserted his belief the section 642 student employee exemption should not apply because his course of study was purportedly "incidental to his employment" under Regulation section 642(a)-1. The form Uberti used to file his appeal also afforded him the opportunity to present "new or additional" evidence, which he did not do. This procedure provided Uberti with a reasonable opportunity to be heard.

At one point, Uberti seems to suggest the ALJ was obligated to contact SRJC and determine the nature of his student employment once it was apparent Uberti was disputing his classification as a student employee in his appeal form to the Board. But he cites no authority for the proposition such action was required. (See *Los Angeles Unified School Dist. v. Casasola* (2010) 187 Cal.App.4th 189, 212 [failure to provide legal argument or citation of authorities forfeits issue on appeal].) Nor does he dispute that he was provided with an opportunity to submit his own evidence on this point when he appealed from the ALJ ruling and failed to do so.

As for Uberti's reliance on *Franz v. Board of Medical Quality Assurance* (1982) 31 Cal.3d 124, it is inapposite. In *Franz*, the high court held that due process requires notification of the parties and an opportunity for rebuttal when, in an adjudication, an agency intends to rely on expertise to resolve legislative-fact issues. (*Id.* at p. 140.) The court further explained the distinction between adjudicative facts and legislative facts by stating that the former are facts concerning the immediate parties while the latter are facts used to inform legislative judgment on questions of law and policy. (*Id.* at p. 139, fn. 6.) Here, there were no legislative facts at issue that required the

7

notice described in *Franz*.

Uberti additionally contends the EDD failed to notify SRJC of a wage reporting disparity. This argument is both difficult to follow and otherwise flawed. Uberti asserts he reported his wages but his "former employer did not," and the EDD was therefore required to notify SRJC and hold a hearing to resolve this dispute. This contention appears to arise from Uberti's mistaken belief the EDD was unaware of his groundskeeper wages when, as previously discussed, the EDD had merely excluded those wages from consideration based on its determination they fell within the student employee exemption under section 642. Moreover, Uberti cites no evidence in the record that SRJC did not report the wages he earned as a groundskeeper; as such, we will not further discuss this claim. (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 589 ["An appellant who fails to cite accurately to the record forfeits the issue or argument on appeal that is presented without the record reference"].)

### III. *Section 642 Student Employee Exemption*

Uberti disputes the EDD's application of the student employee exemption to his groundskeeper wages. He contends that under Regulation section 642(a)-1, subdivision (c), Unemployment Insurance Code section 642's student employee exemption did not apply because his course of study at SRJC was incidental to his employment as a groundskeeper for the school. In support, Uberti relies on Internal Revenue Code (IRC) section 3306(c)(10)(C), which defines a student employee as a full-time student who is employed as a part of a course taken for credit. Uberti argues that Regulation section 642(a)-1, subdivision (c) "clearly" incorporates IRC section 3306(c)(10)(C)'s definition of a student employee, which he does not meet because he was not a full-time student who was employed as part of a course taken for credit.

8

The issue of how Unemployment Insurance Code section 642 and Regulation section 642(a)-1 should be interpreted is a question of law that we review de novo. (See *Combs v. Skyriver Communications, Inc.*, *supra*, 159 Cal.App.4th at p. 1253.)

Section 642 provides in relevant part that, for purposes of an unemployment claim, "employment" does not include "service performed in the employ of a school, college, or university" by a "student who is enrolled and is regularly attending classes at such school, college, or university." Regulation section 642(a)-1, subdivision (c) states: "An employee who performs service for the school, college, or university as an incident to, and for the purpose of pursuing a course of study at such school, college, or university has the status of a student for the purpose of this section. *If the course of study is incidental to the employment, the exemption shall not apply.*" (Italics added.)

IRC section 3306 is the "Definitions" section of the Federal Unemployment Tax Act. (26 U.S.C. § 3306.) Section 3306(c)(10)(C) of that statute states in relevant part that "employment" does not include "service performed by an individual who is enrolled at a nonprofit or public educational institution . . . as a student in a full-time program, taken for credit at such institution, which combines academic instruction with work experience, if such service is an integral part of such program." But contrary to Uberti's assertion, there is no language in the student employee exemption of Unemployment Insurance Code section 642 or in Regulation section 642(a)-1 that incorporates IRC section 3306(c)(10)(C)'s reference to a full-time student enrolled at an institution that combines academic instruction with work experience. (See Unemp. Ins. Code, § 642, Cal. Code Regs. tit. 22, § 642(a)-1, subd. (c).)

9

Further, the express language of section 642 demonstrates that the Legislature in fact did *not* intend to incorporate IRC section 3306(c)(10)(C)'s reference to a full-time student into its definition of a student employee. This is evident from the fact section 642 incorporates verbatim language from IRC section 3306(c)(10)*(B)*'s definition of a student employee which provides that "employment" excludes service performed by a "student who is enrolled and is regularly attending classes at such school, college, or university." (Compare 26 U.S.C. § 3306(c)(10)(B) with Unemp. Ins. Code, § 642.) We conclude the Legislature's inclusion of the student employee exemption language from IRC section 3306(c)(10)(B) and *not* the student employee exemption language from section 3306(c)(10)(C) indicates the language from 3306 section(c)(10)(C) was *not* intended to be included in Unemployment Insurance Code section 642. (See *LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1079 ["We refuse to adopt an interpretation of a statute that would require insertion of language the Legislature knew how to include but did not include"].) We therefore find no error in the court's application of the express language of the statute.[6]

## IV. *Other Issues*

Uberti additionally contends the EDD purportedly created a certification process that required him to perjure himself and suggests, relative to his wage disparity argument, that the trial court erred in its statement that Uberti failed to join SRJC as an indispensable party.

---

[6] For the first time in reply, Uberti raises multiple new arguments, including contentions that his student employee status was not supported by substantial evidence and that the numbers of hours he worked relative to class time informed the section 642 exemption. We decline to consider these assertions. (See *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [points raised for the first time in reply will not be considered because such consideration would deprive respondent of an opportunity to respond].)

10

The first contention is difficult to follow and is unsupported by cites to the record or to relevant authorities. (See *Alki Partners, LP v. DB Fund Services, LLC*, *supra*, 4 Cal.App.5th at p. 589; *Los Angeles Unified School Dist. v. Casasola* (2010) 187 Cal.App.4th 189, 212 [failure to provide legal argument or citation of authorities forfeits issue on appeal].) The second argument appears to misconstrue the trial court's statement that Uberti failed to name SRJC as an indispensable party as relating to Uberti's own misplaced argument regarding the EDD's purported failure to notify SRJC of a purported wage reporting disparity, discussed above. Having considered these remaining contentions to the extent possible, none merit discussion. (See, e.g., *Kirchmeyer v. Helios Psychiatry Inc.* (2023) 89 Cal.App.5th 352, 364.)

## DISPOSITION

The judgment is affirmed. In the interest of justice, the parties will bear their own costs. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

DESAUTELS, J.

We concur:

_____

STEWART, P.J.

_____

RICHMAN, J.

*Uberti v. Farias et al.* (A167364)

12